UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v.  } | Case No.: 5:14-CR-397-RDP-TMP |
| } | |
| GARY LEE HAWES, } | |
| } | |
| Defendant. } | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant Gary Lee Hawes's Motion to Dismiss Charges. (Doc. 11). After careful review, the court concludes the motion is due to be denied.

**I.    RELEVANT FACTS**

On December 17, 2014, a grand jury of the Northern District of Alabama returned a two-count indictment charging Defendant Gary Lee Hawes with conspiring to possess with intent to distribute and to distribute 100 kilograms or more of marijuana from December 2008 to on or about February 23, 2010, in violation of 21 U.S.C. § 846 ("Count One") and possessing marijuana with the intent to distribute it on or about December 29, 2009, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). (Doc. 1).

The charges reportedly arise from a joint investigation conducted by federal, state, and local law enforcement in the Northern District of Alabama and surrounding jurisdictions. That investigation resulted in the seizure, on or about December 29, 2009, of marijuana that is the subject of Count Two. The investigation also uncovered evidence of the conspiracy charged in Count One.

Hawes was arrested on state charges in late 2009 in connection with the joint investigation. Those charges were subsequently nol-prossed by the State of Alabama.

After the instant federal Indictment was returned by the grand jury on December 17, 2014 (Doc. 1), on motion of the United States, the Indictment was sealed pending the arrest of Defendant Hawes. (Docs. 2, 3). Hawes was arrested on or about June 1, 2015, in the Eastern District of Tennessee. On motion of the United States, the Indictment was unsealed. (Doc. 4). On June 8, 2015, Hawes made his initial appearance in this court on these charges and was arraigned before the Honorable Harwell G. Davis. Hawes filed this motion to dismiss on June 5, 2015. In his motion, he seeks to have the Indictment dismissed for violation of the statute of limitations and his right to a speedy trial.

## II.   LAW AND DISCUSSION

Defendant argues that the charges in the Indictment are due to be dismissed because (1) they were filed outside the statute of limitations, and (2) indicting him nearly five years after the substantive charge violates his rights under the U.S. Constitution and his right to a speedy trial. Defendant's arguments miss the mark.

### A.   Statute of Limitations

The statute of limitations applicable to the charges in Counts One and Two of the Indictment is five years. *See* 18 U.S.C. §3282(a). The limitations period for a substantive crime begins at the completion of the crime. *Id*. ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). Conspiracy statutes -- such as a violation of 21 U.S.C. § 846, as charged in Count One -- do not require proof of an overt act. An indictment satisfies the requirement of the statute

of limitations if the conspiracy is alleged to have continued into the limitations period. *United States v. Arnold*, 117 F.3d 1308 (11th Cir. 1997); *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003); *United States v. Gonzalez*, 921 F.2d 1530 (11th Cir. 1991); *United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986). Generally, the statute of limitations is tolled by the timely filing of an indictment. *United States v. Edwards*, 777 F.2d 644 (11th Cir. 1985).

An indictment may be sealed by a court until the defendant is in custody. Fed. R. Crim. P. 6(e)(4). A sealed indictment filed within a statute of limitations is timely even if it is not unsealed until after that statute of limitations has expired. *Edwards*, 777 F.2d at 647; *United States v. Mitchell*, 769 F.2d 1544 (11th Cir. 1985).

Here, both Counts One and Two of the Indictment were filed within the statute of limitations period. The Indictment was returned on December 17, 2014, within five years of the marijuana possession alleged in Count Two and within five years of the date the conspiracy alleged in Count One ended. That the Indictment was not unsealed until Hawes's arrest, and after the statute had run, does not bar this prosecution. Accordingly, the Indictment should not be dismissed on the basis of the statute of limitations.

**B.     Due Process and Speedy Trial – Pre-Indictment**

The limit on a pre-indictment delay is typically set by the statute of limitations, which is the primary safeguard against prejudicial delay. *United States v. Marion*, 404 U.S. 307, 322 (1971). To prove a due process violation resulting from pre-indictment delay, where an indictment otherwise satisfies the statute of limitations, a defendant must show (1) actual prejudice from delay *and* (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage. *United States v. Gouveia*, 467 U.S. 180, 192 (1984), *United States v. Thomas*, 62 F.3d 1332 (11th Cir. 1995). Both prongs of this test must be satisfied to make relief

available to a defendant; that is, the court need not decide whether one prong is satisfied where a defendant does not carry his burden to show the other. *E.g., United States v. Thomas*, 62 F.3d 1332 (11th Cir. 1995)(declining to decide prejudice prong where defendants did not meet their burden to show pre-indictment delay was deliberate for the purpose of tactical advantage).

Unsubstantiated claims that a delay resulted in lost memories or the passing of witnesses are generally insufficient to show prejudice. *E.g.*, *United States v. Warren*, 772 F.2d 827, 836 (11th Cir. 1985) (claim that 3-year pre-indictment delay caused witness memory loss insufficient to establish prejudice), *United States v. Munoz-Franco*, 487 F.3d 25, 59 (1st Cir. 2007) (claim that delay caused actual prejudice insufficient because defendant unable to show that lost witnesses could provide exculpatory testimony), *United States v. Brown*, 498 F.3d 523, 528 (6th Cir. 2007) (claim that delay caused actual prejudice insufficient because defendant unable to show that lost testimony would have significantly aided defense).

Here, Hawes has not made -- and cannot make -- even a threshold showing as to either prong of the applicable test. First, he has not shown that he has suffered actual prejudice from any delay in charging him with these crimes. Although he alleges that certain co-conspirators have died since the date alleged the charged conspiracy ended, he has made no showing that their testimony would have aided in his defense or that he is otherwise prejudiced. Second, there is no evidence to suggest the Government deliberately delayed bringing this matter to trial in order to gain a tactical advantage. In sum, Hawes has not met his burden to establish prejudice warranting dismissal of the Indictment for pre-indictment delay.

### C. Speedy Trial – Post-Indictment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI.[1] In analyzing a post-indictment delay under the constitutional standard, courts consider four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the actual prejudice borne by the defendant. *United States v. Villarreal*, 613 F.3d 1344 (11th Cir. 2010). In order to trigger any further analysis, a defendant first must show that the post-indictment delay is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992).

Hawes's assertion that his right to a speedy trial arose by virtue of his 2009 state arrest is simply incorrect. Hawes incorrectly contends (or mistakenly understands) that the authorities waited in excess of five years to arrest him following a federal indictment (Doc. 11 at 3: "the government waited five years and six months before arresting the defendant on the federal warrant"). In fact, his 2009 arrest was on state charges; this federal Indictment was not returned until 2014. Even more importantly, Hawes cannot show that any post-indictment delay is prejudicial. Less than six months elapsed between the grand jury's return of the Indictment and the defendant's out-of-district arrest. He has not shown that any delay has resulted in actual prejudice.

## III. CONCLUSION

For these reasons, Defendant's Motion to Dismiss Charges is **DENIED**.

---

[1] Defendant has not suggested any violations of the Speedy Trial Act. *See* 18 U.S.C. §§ 3161-74.

**DONE** and **ORDERED** this July 1, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE